**FILED**
July 31, 2023 04:12 PM
ST-2020-CV-00317
**TAMARA CHARLES**
**CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

NATHANIEL PHILLIPS, TESROY PHILLIPS
and THREE IN ONE, LLC,

              Plaintiffs,

    v.

WOODFOREST CONSTRUCTION, LLC,
ALLCO, LLC, ALLCO VIRGIN ISLANDS LLC,
APTIM ENVIRONMENTAL AND
INFRASTRUCTURE, INC., VIRGIN ISLANDS
HOUSING FINANCE AUTHORITY and WITT
O'BRIEN, LLC,

              Defendants.

CIVIL NO. ST-2020-CV-317

ACTION FOR DAMAGES

**JURY TRIAL DEMANDED**

Cite as **2023 VI Super 42U**

**NOT FOR PUBLICATION**

**MEMORANDUM OPINION**

¶1.    Pending before the Court are Defendant Allco, LLC's motion to dismiss, renewed motion to dismiss, and supplement to renewed motion to dismiss pursuant to V.I.R. Civ. P 12(b) (2), (4) and (5). Plaintiffs Nathaniel Phillips, Tesroy Phillips, and Three in One, LLC jointly filed an opposition to Allco, LLC's motions. For the following reasons, Defendant Allco, LLC's 12(b)(4) and (5)[1] motion to dismiss for insufficient process and insufficient service of process will be denied, and a ruling on Defendant's 12(b)(2) motion to dismiss for lack of personal jurisdiction will be deferred to allow Plaintiffs to conduct jurisdictional discovery.

## I.    FACTUAL AND PROCEDURAL HISTORY

¶2.    In response to the devastation caused to the United States Virgin Islands by Hurricanes Irma and Maria in September 2017, the Federal Emergency Management Agency ("FEMA") allocated

---

[1] In its Motion to Dismiss filed on September 10, 2020, Allco LLC, moves to dismiss the complaint for insufficient service of process pursuant to V.I. Rule Civ. P 12((b)(4). However, while Rule 12(b) (4) governs insufficient process, Rule 12(b)(5) addresses insufficient service of process. Relying on the substance of the argument rather than the label, the Court will construe Allco, LLC's motion as a motion to dismiss pursuant to Rules 12(b)(4) and (5).

federal funds to the Virgin Islands Housing Authority ("VIHA") to perform roof repairs to the homes

of Virgin Islands residents. Upon receipt of the funds, VIHA hired Witt O'Brien, LLC ("Witt

O'Brien"), a company specializing in crisis and emergency management in response to natural

disasters, to oversee the project. Witt O'Brien, in turn, contracted with APTIM Environmental &

Infrastructure, Inc ("APTIM") to hire a team of contractors. Plaintiffs allege that APTIM

subsequently contracted with Allco, LLC ("Allco Texas") and Allco Virgin Islands, LLC ("Allco

V.I.") to perform roof repairs. Allco Texas and Allco V.I. then hired a subcontractor, Woodforest

Construction, LLC ("Woodforest"), to do the roofing restorations.[2] Since Woodforest did not possess

a Virgin Islands business license to perform the roof repairs in the territory, in November 2018, it

formed a joint venture with Three in One, LLC ("Three in One") to do the work under its workman's

compensation insurance and liability insurance at a rate of 15% of Woodforest's earnings on the

completed projects covered under the Joint Venture.[3]

¶3.     Plaintiffs further allege that in October 2018, Woodforest retained Nathaniel Phillips at a fixed

rate of $650 per day to act as a labor broker and find laborers to work at the various sites for

Woodforest. Nathaniel Phillips was able to hire about thirty-five workers to perform the work. After

approximately one week, the work shut down for a month because of poor working conditions. In

early November, work resumed.[4] Two weeks later, Woodforest stopped paying Nathaniel Phillips

and his employees due to lack of funding from Allco Texas, Allco V.I., Witt O'Brien, and APTIM.[5]

As a result, Nathaniel Phillips and his workers walked off the construction site but returned to work

---

[2] First Am. Compl. ¶¶ 17-21

[3] *Id.* at ¶¶28-33; *see also* "Joint Venture Agreement" attached as Exhibit 1 to Plaintiff's First Amended Complaint.

[4] *Id.* at ¶¶ 22-25. Plaintiff alleges that Woodforest failed to provide workers with water, lunches, and gas for their vehicles.

[5] *Id.* at ¶ 39

immediately after being promised that they would be paid. Nathaniel Phillips claims that in November 2018 he loaned Woodforest $15,000 to assist with covering the pay for workers, but the loan was never repaid. In late January of 2019, Nathaniel Phillips and the workers stopped working again after they did not receive the promised pay, and they publicly protested Defendant's failure to pay them even though they had completed the roof repairs.[6] Plaintiffs also claim that around the same time, Allco Texas, Allco V.I., and APTIM rented Testroy Phillips' truck to transport materials at a rate of $350 a day and hired him to provide services as a driver at a rate of $650 a day. Testroy Phillips alleges that he has not been paid.[7]

¶4.     After several unsuccessful attempts to receive the monies owed from the Defendants, Plaintiffs filed a thirteen-count Complaint against Defendants on May 18, 2020, in the St. Croix Division of the Virgin Islands Superior Court.[8] Since the case was inadvertently filed in the St. Croix Division, the case was administratively closed, re-filed in the St. Thomas and St. John Division on July 31, 2020 and new summonses were issued to all the Parties in the re-filed action. Although the complaint is heavily focused on breach of contract and debt claims, Plaintiffs also assert, *inter alia*, a taxpayer action seeking declaratory judgment and injunctive relief for improper payments and waste of taxpayer funds, claims for negligent contracting, retention and supervision, misrepresentation, defamation, and fraud.

¶5.     On September 10, 2020, Allco Texas filed the instant motion seeking to dismiss Plaintiffs' complaint based on lack of personal jurisdiction and for insufficient service of process. First, Allco

---

[6] *Id.* ¶¶ 42-56

[7] *Id.* ¶¶ 34

[8] The complaint filed on May 18, 2022 was assigned case number SX-2020-CV-00584 and the complaint filed on July 31, 2020, assigned case number is ST-2020-cv-00317.

Texas argues that Plaintiffs improperly stated Defendant's name in the complaint by addressing it as "Allco [...] a Texas corporation" instead of "Allco, LLC", its correct name. As a result of this mistake, Plaintiffs did not serve Defendant's agent for service of process, Tom Harrison, a resident of Texas, but instead served Allco Texas through Allco V.I.'s resident agent for service of process in the Virgin Islands, John Behnman. Second, Allco Texas contends that this Court cannot exercise general or specific jurisdiction over it because it has no ties to the Virgin Islands.

¶6.     Following Defendant's motion to dismiss, Plaintiffs filed their First Amended Complaint ("amended complaint") on September 24, 2020, pursuant to V.I. R. Civ. P. 15 (a)(1), and correctly identified Defendant Allco Texas in the amended complaint. On October 9, 2020, Allco Texas renewed its motion to dismiss alleging that Plaintiffs filing of the amended complaint did not cure the deficiencies.[9] The next day, October 10, 2020, Plaintiffs properly served Allco Texas through its agent for service of process in Texas, Tom Harrison.[10] After Tom Harrison was served, Defendant supplemented its renewed motion to dismiss on November 9, 2020, noting that since the filing of its renewed motion to dismiss, Plaintiffs served Allco Texas, in Texas, with a summons and a copy of the amended complaint. Defendant further claims that although Plaintiffs properly served Allco Texas on October 10, 2020, the service was untimely as it was effectuated 120 days after the deadline set forth in V.I. R. Civ. P 4(n) for the service of process.

¶7.     On November 30, 2020, Plaintiffs filed an opposition and moved for sanctions. In countering Allco Texas' allegations, Plaintiffs posit that the deadline for service of process commenced on July

---

[9] During a status conference held on May 25, 2023, the Parties agreed that the First Amended Complaint shall serve as the operating complaint in this case.

[10] See Affidavit of Service and Return of Service of Tom Harrison marked as Exhibit 2 to Pls.' Opp'n to Allco's Renewed Motion to Dismiss.

31, 2020, and therefore, the service effectuated on October 10, 2023, was timely as it occurred before

120-day period lapsed. With respect to the issue of personal jurisdiction, Plaintiffs argue that this

Court has jurisdiction over Allco Texas because its subsidiary, Allco V.I., performed work in the

Virgin Islands under Allco Texas' direction and guidance. Plaintiffs also assert that Allco Texas'

management team visited the Virgin Islands on numerous occasions and informed Plaintiffs that they

represent the company's Texas branch. Additionally, Plaintiffs request jurisdictional discovery in

order to obtain competent evidence to support their contention that this Court has personal jurisdiction

over Allco Texas.

## II.     LEGAL STANDARD

### A. Motion to Dismiss for Insufficient Process and Insufficient Service of Process under V.I.R. Civ. P. 12(b)(4) and (5).

¶8.     As a preliminary matter, service of process – unless waived by a general appearance – is a

prerequisite to the Superior Court of the Virgin Islands obtaining personal jurisdiction over a

defendant.[11] The Virgin Islands Supreme Court has established that "proof of service demands proof

of legal notice to the defendant or his voluntary appearance in the action."[12] Rule 4 of the Virgin

Islands Rules of Civil Procedure governs the procedures concerning service of process[13] as well as

the requirements for the form and contents of a summons.[14]

---

[11] *Victor v. Hess Oil Virgin Islands Corp.*, 69 V.L. 484, 493 (V.I. Super. Ct. 2018) (citing *Ross v. Hodge*, 58 V.I. 292, 311 n.22 (V.I. 2013)) (quoting *Joseph v. Daily News Publishing Co., Inc.* 57 V.I. 566, 580 n.4 (V.I. 2012)).

[12] *Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 730 (V.I. 2018) (noting that "an affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is *prima facie* evidence giving rise to a rebuttable presumption of valid service providing legal notice").

[13] V.I. R. CIV. P. 4(c)-(j).

[14] V.I. R. CIV. P. 4(a) (requiring that a summons in the name of the Superior Court of the Virgin Islands must: (1) name the court and the parties; (2) be directed to the defendant; (3) state the name and address of the plaintiff's attorney or- if self-represented-of the plaintiff; (4) state the time within which the defendant must appear and defend; (5) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief

*Phillips, Nathaniel, et. al. v. Woodforest Construction, LLC., et. al.,*
Case No. ST-20-CV-317
Memorandum Opinion - July 28, 2023
Page **6** of **15**

Cite as 2023 VI Super 42U

¶9.     A party may move for dismissal based on insufficient process under Rule 12(b)(4) or insufficient service of process under Rule 12(b)(5) of the Virgin Islands Rules of Civil Procedure. A Rule 12(b)(4) motion for insufficient process attacks the content and form of a summons, whereas a motion to dismiss for insufficient service of process under Rule 12(b)(5) attacks the manner in which a summons and complaint were, or were not, served. [15]   Courts in the Virgin Islands have held that when a Rule 12(b)(4) or (5) motion is raised by a defendant, the burden shifts to the plaintiff to prove that service was properly effectuated.[16] If service was ineffective, courts should allow a plaintiff an opportunity to cure service, provided that such efforts would not be futile.[17] A party moving to dismiss on the grounds of insufficient process or insufficient service of process must raise the defense in its first responsive pleading, or else the defense will be waived, and the Court can obtain personal jurisdiction over the defendant.[18]

### B.  Motion to Dismiss for Lack of Personal Jurisdiction under V.I.R. Civ. P. 12(b)(2).

¶10.    "Personal jurisdiction, also called *in personam* jurisdiction, is the court's power to bring a person into its adjudicative process."[19] Once a defendant challenges the court's personal jurisdiction, the burden then shifts to the plaintiff to show that jurisdiction over the defendant is proper.[20] The evidentiary burden for a showing of personal jurisdiction depends on whether the Court holds a

---

demanded in the complaint; (6) be signed by the clerk; and (7) bear the court's seal).

[15] *Nguyen v. Nguyen*, 2022 VI SUPER 1U, ¶ 13(V.I. Super. Ct. 2023) (citing *Foster v. V.I. Bureau of Internal Revenue*, No. 2013-0089, 2015 WL 1529829, at *4, 2015 U.S. Dist. LEXIS 41207, at *11 (D.V.I. 2015).

[16]  *Victor*, 69 V.I. at , 493 (noting that "[t]he majority of courts have held that "[o]nce a defense of insufficient service is raised, it is Plaintiffs' burden to prove that service was proper").

[17] *Daley-Jeffers v. Graham*, 69 V.I. 931, 941 (V.I. 2018).

[18] *See Hurtault v. Hess Oil Virgin Islands Corp.*, 69 V.I. 451, 456 (V I. Super. Ct. 2018).

[19] See *Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 719 (V.I. 2018) (internal citations and quotation marks omitted); *see also Evans-Freke v. Evans-Freke*, 75 V.I. 407, 415 (V.I. 2021).

[20] *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172 (V.I. 2012).

hearing on the motion.[21] Where no evidentiary hearing has been held, the plaintiff need only make a *prima facie* showing of personal jurisdiction.[22] This means the Plaintiffs must establish with reasonable particularity sufficient contacts between Allco Texas and the forum state, i.e., St. Thomas, United States Virgin Islands. In considering a motion to dismiss for lack of personal jurisdiction, the court must accept the opposing party's allegations supported by affidavits or other competent evidence as true and resolve all factual disputes in the opposing party's favor.[23] If the court holds an evidentiary hearing on personal jurisdiction, the nonmoving party must prove by a preponderance of the evidence that jurisdiction is proper.[24] In the instant matter, the Court has not held an evidentiary hearing.

## III.    DISCUSSION

### A. Service of Process.

¶11.    In its September 10, 2020, motion to dismiss, Allco Texas argued that Plaintiffs incorrectly stated Defendant's name in their initial complaint dated July 31, 2020, and served John H. Benham, the agent for service of process in the Virgin Islands for Allco V.I., instead of Tom Harrison, the agent for service of process for Allco Texas in Texas. Allco Texas further explained that there is no Texas corporation named "Allco." In its supplement to its renewed motion to dismiss filed on November 9, 2020, Allco Texas appears to have abandoned that argument when it acknowledged the filing of the amended complaint naming Allco Texas as a party and that Allco Texas was served in Texas with a summons and a copy of the amended complaint. With Allco Texas' initial arguments

---

[21] *Id.*
[22] *Id.*
[23] *Id.* at 173.
[24] *Id.* at 172.

*Phillips, Nathaniel, et. al. v. Woodforest Construction, LLC., et. al.,*
Case No. ST-20-CV-317
Memorandum Opinion - July 28, 2023
Page **8** of **15**

Cite as 2023 VI Super 42U

rendered moot by subsequent events – filing of the amended complaint and service of Allco Texas in Texas – the Court will therefore only address Allco Texas' contention that Plaintiffs' action must be dismissed because the service was not effectuated in a timely manner.

¶12. Rule 4 of the Virgin Islands Rules of Civil Procedure governs summons and service of process. Rule 4(n) provides in pertinent part that:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Allco Texas asserts that the amended complaint should be dismissed against it because service was untimely as it was effectuated after one hundred and twenty (120) days from the date of filing of the complaint. Allco Texas' argument is premised on the fact that Plaintiffs filed an action on May 18, 2020, in the St. Croix Division. Therefore, according to Allco Texas' calculations, the deadline for service of process expired on September 16, 2020.

¶13. In opposition, Plaintiffs contend that Allco Texas was timely served because the lawsuit was instituted on July 31, 2020, in the St. Thomas and St. John Division, where venue is proper. They further assert that Allco Texas was served on October 10, 2020, in Texas through its resident agent, Tom Harrison, seventy-one days after the lawsuit was filed, which means that the Plaintiffs complied with the 120-day time limit for service of process pursuant to Rule 4(n). Plaintiffs' position is that in counting the time for service of process, the complaint that was inadvertently filed in the St. Croix Division, on May 18, 2020, should be disregarded in light of the re-filing of the complaint in the St. Thomas and St. John Division on July 31, 2020. The Court agrees. Here, Plaintiffs served Allco Texas

in a timely manner on October 10, 2020, which is seventy-one days after the re-filing of the complaint in St. Thomas and St. John Division on July 31, 2020. While the original complaint incorrectly named Allco Texas and the initial service of process on Allco Texas was indeed improper, Plaintiffs cured this defect by amending their complaint, correctly naming Allco Texas in the amended complaint and properly serving Allco Texas in Texas soon thereafter.

¶14    Allco Texas also overlooks the fact that it was only named as a party with the filing of the amended complaint on September 24, 2020, and it was served sixteen days after on October 10, 2020. The 120-day period to serve a new party begins to run from the date of the amendment naming the new party. If the 120-day period were to run from the filing of the initial complaint, a new defendant could never be added after 120 days from the filing of the initial complaint.[25] As Allco Texas was served within sixteen days of the filing of the amended complaint where it was first correctly named as a defendant and was served seventy-one days from the refiling of the complaint in the St. Thomas and St. Thomas Division, service comports with the120-day time period set forth in Rule 4(n).

¶15.    As noted above, in the interests of justice, courts generally allow a plaintiff to cure defective service as long as such efforts would not be futile.[26] Even if the Court followed Allco Texas' rationale in calculating the service deadline, Plaintiffs showed good cause for the failure and immediately cured the defect. Therefore, the Court finds that Plaintiffs have met their burden and denies Defendant's motion to dismiss on the grounds of insufficient process or insufficient service of process.

---

[25]Courts applying the analogous and former Rule 4(m) of the Federal Rules of Civil Procedure in comparable circumstances have arrived at similar holdings. *See Cotton v. Allegheny County*, 2012 U.S. Dist. LEXIS 144058, at *16 (W.D. Pa 2012)(holding that "when an amended complaint names a new defendant, a plaintiff has 120 days from when the amended complaint is filed to serve that newly named defendant with process"); see also *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1148 (10th Cir. 2006)(holding that 120-day period of Rule 4(m) runs from the date of the first amended complaint naming a new party).

[26] *Graham*, 69 V.I. at 941.

### B. Personal Jurisdiction.

¶16.    Next, Allco Texas moves to dismiss Plaintiffs' complaint based on lack of personal jurisdiction. Defendant argues that exercising jurisdiction over it would violate its due process rights because Allco Texas does not have the requisite minimum contacts with the forum, and Plaintiffs cannot demonstrate the requisite connection between Allco Texas and the Virgin Islands. Allco Texas maintains that it has no widespread, systematic, or continuous contacts within the Virgin Islands and has not established its presence in this jurisdiction.   Namely, Defendant maintains it does not have any offices or a business license in the territory, nor has it performed any work there. Based on the absence of activity in the Virgin Islands on its part, Allco Texas contends that this Court must dismiss Plaintiffs' complaint for lack of general and specific personal jurisdiction.

¶17.    Establishing personal jurisdiction in the U.S. Virgin Islands involves a two-prong test.[27] The plaintiff must demonstrate that (1) jurisdiction is appropriate under the Virgin Islands Long Arm Statute, 5 V.I.C § 4903, and (2) jurisdiction comports with the due process clause of the Fourteenth Amendment such that "defendant's due process rights would not be violated by being hauled into court in the Virgin Islands."[28]

### 1.  U.S. Virgin Islands Long Arm Statute

¶18.    To evaluate whether personal jurisdiction is proper under the U.S. Virgin Islands Long-Arm Statute, the Court must "determine (1) whether the defendant's contacts meet one of the categories under section 5 V.I. Code Ann. § 4903(a), and (2) whether the plaintiff's claim 'arises from' that contact."[29] As for the first step, specific personal jurisdiction may be asserted through the long-arm

---

[27] *Molloy*, 56 V.I. at 173 (citing *In re Najawicz*, 52 V.I. 311, 336 (V.I. 2009)).
[28] *Id* at 174; *see also Lewis v. Conagra Brands, Inc.*, 2023 VI SUPER 30, ¶ 10 (V.I. Super. Ct. 2023).
[29] *Id* at 174 (citing *In re Manbodh Abestos Litigation* II, 47 V.I. 267 (V.I. Super. Ct. 2005)).

statute under any of the eight grounds enumerated in the statute, 5 V.I. Code Ann. § 4903.[30] The

Parties in the instant matter focus their arguments on § 4903(a)(1) and (2), which provide:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by
> an agent, as to a claim for relief arising from the person's...
>> (1) Transacting any business in this territory;
>> (2) Contracting to supply services or things in this territory;
>> [...]
> (b) When jurisdiction over a person is based solely upon this section, only a claim for
> relief arising from acts enumerated in this section may be asserted against him.[31]

¶19.     Section (a)(1) requires a *prima facie* showing that Allco Texas was "transacting" business in

the Virgin Islands. The Supreme Court in the Virgin Islands has established that the phrase

"transacting any business in this territory" is "a term of art" that does not require that a defendant

participate in business or commercial activities but only that "a defendant engage in some type of

purposeful activity within the territory."[32] With regards to section (a)(2), "contracting to supply

services or things in this territory" has been interpreted to include contracts entered into or partially

performed in the Virgin Islands so long as the claim arises from the contract.[33]

¶20.     As for the second step, in evaluating whether a claim arises from a contact for purposes of the

long-arm statute is a two-folded process: first, the court determines if the contact — one of the

enumerated acts in § 4903(a) — is the "but-for" cause for the claim and then it determines if the

substantive obligations and privileges that accompany the contact are closely related to the action. A

"but-for" cause is a cause without which the event could not have occurred.[34]

---

[30] *In re Kelvin Manbodh Asbestos Litigation Series*, 47 V.I. 267, 277 (V.I. Super. Ct. 2005).

[31] 5 V.I.C. § 4903.

[32] *Evans-Freke*, 75 V.I. at 416 (citing *Molloy*, 56 V.I. at 176).

[33] *Id.*

[34] *Id.* at 174 ("The United States Court of Appeals for the Third Circuit's procedure in determining whether a claim
'arises out of the defendant's contacts with the forum is to determine whether the contact is the 'but-for' cause of the

*Phillips, Nathaniel, et. al. v. Woodforest Construction, LLC., et. al.,*
Case No. ST-20-CV-317
Memorandum Opinion - July 28, 2023
Page 12 of 15

Cite as 2023 VI Super 42U

¶21.    In this case, Allco Texas denies having conducted any activity in the Virgin Islands that would fall within any element of section 4903(a)(1) and (2). In support of its motion to dismiss, Defendant submits the unchallenged affidavit of Tom Harrison, a member of Allco Texas, in which he claims that Allco Texas does not do business in the Virgin Islands as it (a) is not qualified to do business in the United States Virgin Islands; (b) does not have a business license in the United States Virgin Islands; (c) does not have an office in the United States Virgin Islands; and (d) has not performed any work in the United States Virgin Islands.[35] Conversely, Plaintiffs argue that Allco Texas has a connection to the Virgin Islands through its subsidiary, Allco V.I., Defendant's subsidiary formed under the laws of the Virgin Islands. Plaintiffs also aver that both companies share managerial staff who frequently travelled between the Virgin Islands and Texas when the construction was in progress and that Allco Texas facilitated and directed work performed by Allco V.I. To further support their claim that this Court has personal jurisdiction over Allco Texas, Plaintiffs likewise submitted Nathaniel Phillips' Affidavit in which he claims that senior representatives of Allco Texas were in the Virgin Islands and told him that Allco V.I. is actually a company out of Texas doing work in the Virgin Islands. Nathaniel Phillips further claims that Allco V.I. representatives informed him that Allco Texas managers would work for a certain period of time in the Virgin Islands and would then be replaced by "people coming down from Texas in the same position."[36]

¶22.    In evaluating whether Plaintiffs have made a *prima facie* showing under section 4903(a)(1)

---

action, and, if so, to then determine if the contact's substantive obligations and privileges are closely related to the cause of action. The Supreme Court of the Virgin Islands finds this formulation helpful and persuasive to its interpretation of V.I. Code Ann. tit. 5, § 4903(b), and adopts it as the correct standard in determining whether a claim is one 'arising from' one of the enumerated acts in § 4903(a).").

[35] Affidavit of Tom Harrison attached as Exhibit E to Defendant's Motion to Dismiss.

[36] Affirmation of Nathaniel Phillips attached as Exhibit 4 to Pls.'s Opp'n Allco, LLC's Renewed Motion to Dismiss.

and (2), i.e., demonstrated with reasonable particularity sufficient contacts between Allco Texas and this territory, this Court cannot conclude based on the evidence before it that Plaintiffs have satisfied their burden. Here, other than unsubstantiated allegations made in the complaint, statements purportedly made by third parties or workers, and uncorroborated statements by Nathaniel Phillips, Plaintiffs have not submitted any independent evidence supporting a finding that Allco Texas transacted any business or contracted to supply any goods or services in the Virgin Islands for the purposes of satisfying the requirements of section 4903(a)(1) and (2). Nor did Plaintiffs demonstrate how their claims arose from these business transactions under section 4903(b). The competing affidavits of the Parties denote that the essential facts are subject to dispute, and the jurisdictional issue cannot be decided solely based on the affidavits presently before the Court. Therefore, the Court finds that the evidence on the record is insufficient to satisfy the requirements of the Virgin Islands long-arm statute.[37]

### 2. Due Process

¶23.    Because personal jurisdiction has not been established under the long-arm statute at this stage of the proceeding, and the Court finds that jurisdictional discovery is appropriate, the Court will not address Plaintiffs' argument that personal jurisdiction comports with due process.[38]

---

[37] See *Molloy* 56 V.I at 176 (to support personal jurisdiction, the Mollys provided licensing agreement between BSCA and BSBVI and deposition transcript of a former associate of Independence Blue Cross to show that some of the services were utilized in the contract between BCBSA and BCBSVI, and BCSA admitted that it received $50,000 to $100,00 per year in licensing fees, plus 1% royalty on all gross proceeds); *see also, Gov't of the United States Virgin Islands v. Takata Corp.,* 67 V.I. 316, 342-347 (to support personal jurisdiction, the plaintiff's submission included emails between defendants' employees, transcript of testimony before the United States Committee on Commerce, Science and Transportation stating that recall targeted vehicles sold in the Virgin Islands, affidavit of number of vehicles sold an in the VI and revenues derived from products sold in the V.I.).

[38] *St. Croix, Ltd. v. Shell Oil Co.,* 60 V.I. 468, 477 (V.I. 2014); *Molloy,* 56 V.I. at 182 n.7 (explaining that where a party has failed to establish personal jurisdiction under the long-arm statute, the court is not required to address personal jurisdiction under the Due Process Clause of the Fourteenth Amendment).

*Phillips, Nathaniel, et. al. v. Woodforest Construction, LLC., et. al.,*
Case No. ST-20-CV-317
Memorandum Opinion - July 28, 2023
Page **14** of **15**

Cite as 2023 VI Super 42U

### C. Jurisdictional Discovery

¶24.    In light of the conflicting affidavits by the Parties and the limited evidence presented by Plaintiffs, this Court is mindful of the Plaintiffs' request to conduct jurisdictional discovery on the issue of personal jurisdiction. "When a defendant asserts the claim of lack of [personal] jurisdiction, unless the essential facts are not disputed, the Court must permit the plaintiff to take discovery so as to determine whether the plaintiff has made *a prima facie* showing of personal jurisdiction."[39] Courts have permitted jurisdictional discovery before dismissing a case for lack of personal jurisdiction, except when a plaintiff's claim is patently frivolous,.[40] The core claim asserted in Plaintiffs' Amended Complaint is not frivolous. Plaintiffs, who are local Virgin Islands subcontractors, allege that Defendants have failed to pay them for services rendered, work performed, and money loaned according to the parties' agreement, even though the Virgin Islands Housing Finance Authority has paid the Defendants.

¶25.    Jurisdictional discovery also should be granted "if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state."[41] "[R]easonable particularity means "that if a plaintiff suggests a realistic basis for believing that personal jurisdiction exists, he or she should be allowed to pursue discovery before having to prove that such jurisdiction does exist."[42] As discussed above, Plaintiffs' Amended Complaint and Plaintiff Nathaniel Phillips' Affidavit suggest that Allco Texas may have engaged in

---

[39] *West Indies Corp. v. Pro-Source, Inc.*, 2007 V.I. LEXIS 44, at 6 (V.I. Sup. Ct. 2007).

[40] *Pichierri v. Crowley*, 2009 V.I. LEXIS 92, at 3-4 (V.I. Super. Ct. 2009)( citing *Massachusetts School of Law at Andover v. ABA*, 107 F.3d 1026, 1042 (3d Cir. 1997). *See also West Indies Corp,* 2007 V.I. LEXIS 44, at 6 (stating that where the plaintiff's claim is not frivolous, the court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden).

[41] *Pichierri*, 2009 V.I. LEXIS 92 at 4.

[42] *Id*. at 4-5

conduct that satisfies the requirement for the Court to exercise personal jurisdiction over Allco Texas. However, the evidence presented is not sufficient and the evidence Plaintiffs need to establish a *prima facie* case for personal jurisdiction or personal jurisdiction by a preponderance of the evidence may be in Defendant Allco Texas' or one of the other Defendant's possession. Since any definitive judicial conclusion on this particular issue would be premature at this juncture, it is appropriate and reasonable for this Court to grant Plaintiffs' request to conduct discovery for purposes of establishing this Court's personal jurisdiction, or lack thereof, over Allco Texas.[43]

## IV.    CONCLUSION

¶26 For the foregoing reasons, this Court denies Defendant Allco, LLC's motion to dismiss for insufficient process and insufficient service of process. The Court will permit the Plaintiffs to conduct jurisdictional discovery and withholds its final decision on the issue of personal jurisdiction until jurisdictional discovery is complete. An appropriate Order shall follow.

Dated: July 28 , 2023

**Carol Thomas-Jacobs**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor  7/31/2023

---

[43] *West Indies Corp.,* 2007 V.I. LEXIS 44, at 7-8.

NATHANIEL PHILLIPS, TESROY PHILLIPS
and THREE IN ONE, LLC,

      Plaintiffs,

  v.

WOODFOREST CONSTRUCTION, LLC,
ALLCO, LLC, ALLCO VIRGIN ISLANDS LLC,
APTIM ENVIRONMENTAL AND
INFRASTRUCTURE, INC., VIRGIN ISLANDS
HOUSING FINANCE AUTHORITY and WITT
O'BRIEN, LLC,

      Defendants.

CIVIL NO. ST-2020-CV-317

ACTION FOR DAMAGES

**JURY TRIAL DEMANDED**

## ORDER

**THIS MATTER** is before the Court upon Defendant Allco, LLC's motion to dismiss filed on September 10, 2020. Defendant renewed the motion on October 9, 2020, and supplemented it on November 9, 2020. On November 30, 2020, Plaintiffs Nathaniel Phillips, Tesroy Phillips, and Three in One, LLC jointly filed an opposition along with an integrated motion for sanctions and a request for jurisdictional discovery. For the reasons discussed in the Memorandum Opinion accompanying this Order and the Court having been advised in its premises, it is hereby

**ORDERED** that Allco, LLC's motion to dismiss pursuant to V.I. R. Civ. P. 12(b) (4) and (5) for insufficient process and insufficient service of process is **DENIED**; and it is further

**ORDERED** that Allco, LLC's motion to dismiss pursuant to V.I. R. Civ. P. 12(b) (2) for lack of personal jurisdiction is **DEFERRED** until after the completion of jurisdictional discovery and additional briefing by the Parties; and it is further

**ORDERED** that Plaintiffs' request for jurisdictional discovery is **GRANTED**; and it is further

**ORDERED** that the Parties shall conduct and complete jurisdictional discovery within **sixty (60) days** of the date of the entry of this Order; and it is further

**ORDERED** that the Parties shall file supplemental briefs and submit competent evidence regarding the Court's personal jurisdiction **thirty (30) days** after the close of jurisdictional discovery; and it is further

**ORDERED** that Plaintiffs' Motion for Sanctions is **DENIED**; and it is further

**ORDERED** that copies of this Order and accompanying Memorandum Opinion shall be served upon Lee J. Rohn, Esquire, Treston E. Moore, Esquire, John H. Benham, III, Esquire, Alex M. Moskowitz, Esquire, Nycole A. Thompson, Esquire, Adam G. Christian, Esquire, and Sofia L. Mitchell, Esquire.

Dated: July **28**, 2023

**Carol Thomas-Jacobs**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor  7/13/2023